IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUTTMAN, | Case No. 2:08-CV-01015 JAM KJM |
| Plaintiff, | ORDER GRANTING TRANSFER TO THE <u>SOUTHERN DISTRICT OF IOWA</u> |
| v. | |
| JEFFERSON LINES, a Minnesota Corporation; GREYHOUND LINES, INC., a foreign corporation; and DOES 1 to 50, | |
| Defendants. | |

This matter comes before the Court on Defendant Greyhound Lines, Inc.'s motion for transfer of venue pursuant to 28 U.S.C. § 1404 and Defendant Jefferson Lines' motion to dismiss for lack of personal jurisdiction and improper venue or in the alternative, to transfer for improper venue pursuant to 28 U.S.C. § 1406.  For the reasons set forth below, this action

shall be transferred to the United States District Court for the Southern District of Iowa.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mark Huttman ("Plaintiff"), a paraplegic whom uses a wheelchair, claims that on May 10, 2006 he was traveling between Minnesota and Reno, Nevada as a passenger in a bus operated, driven, maintained, and serviced by the Defendants Jefferson Lines and Greyhound Lines, Inc. (collectively "Defendants").  Pl's Complaint, filed May 9, 2008 ("Compl.") ¶ 7.  Plaintiff alleges when he reached Des Moines, Iowa, he attempted to exit the bus with the assistance of employees of the named Defendants.  Compl. ¶ 7.  Plaintiff asserts that as he exited the bus via the ramp/lift mechanism his left great toe was caught in the mechanism, which caused part of his toe to be amputated.  Compl. ¶ 8.

Plaintiff claims he was offered minimal assistance at the scene and instead of seeking immediate medical attention, elected to remain on the bus and continue traveling to Reno, Nevada to insure that his pick up in Reno would be there to greet him.  Compl. ¶ 9.  Upon arrival in Reno, Plaintiff asserts his leg was swollen and required hospitalization and medical

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

treatment for the injuries sustained initially in Des Moines, Iowa.  Compl. ¶ 10.

On May 9, 2008, Plaintiff filed this complaint in the United States District Court for the Eastern District of California.  Docket ("Doc.") # 1.  After the parties stipulated to extend the time to respond to Plaintiff's complaint to November 26, 2008, Greyhound Lines, Inc. filed its answer and a motion to transfer venue for convenience of parties and witnesses and in the interest of justice.  Doc. ## 15, 16.  Defendant Jefferson Lines filed a motion to dismiss for lack of personal jurisdiction and motion to dismiss for improper venue or in the alternative, a motion to transfer for improper venue.  Doc. ## 20, 21.

## II.  OPINION

A district court has the power to transfer an action under either the statute governing change of venue or the statute governing cure or waiver of defects as to venue, if such a transfer is "in the interest of justice."  28 U.S.C. §§ 1404(a), 1406(a); Froelich v. Petrelli, 472 F. Supp. 756 (D. Haw. 1979).  28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1404(a) provides, "For the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court has the power to transfer the case in the absence of personal jurisdiction over the defendants under either § 1404(a) or § 1406(a) if such a transfer is "in the interest of justice." See Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962); see also Froelich, 472 F. Supp. at 760.

Here, no party disputes that the Eastern District of California is an improper venue for this matter. All parties do agree however, that the Southern District of Iowa is a proper forum for this matter under 28 U.S.C. § 1391(a)(2) because the incident giving rise to this litigation occurred in Des Moines, Iowa. Compl. ¶¶ 7, 13. "Normally transfer will be in the interest of justice because normally dismissal of an action that could have been brought elsewhere is 'time consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990)(addressing transfer under 28 U.S.C. § 1631), (quoting Goldlawr, Inc., 369 U.S. at 467)(addressing transfer under 28 U.S.C. § 1406)). Consistent with this presumption, transfer is in the interest of justice in this case. Plaintiff filed his complaint before the California, Iowa, or Minnesota statute of limitations had run and thus, transfer is proper. Cf. Froelich,

472 F. Supp at 760. Therefore, the case should be transferred to the Southern District of Iowa.[2]

Because the Court has determined that the Eastern District of California is an improper venue for this action and as a result is transferring jurisdiction over this action in the interest of justice pursuant to § 1406(a), it refuses to determine the merits of Defendant Greyhound Lines, Inc.'s Motion to Transfer for inconvenience pursuant to § 1404(a) as such a discussion would be superfluous. The Court also refuses to determine the merits of Jefferson Lines' Motion to Dismiss for lack of personal jurisdiction because, as stated above, a district court has the power to transfer the case in the absence of personal jurisdiction over the defendants under either § 1404(a) or § 1406(a) if such a transfer is "in the interest of justice." See Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962); see also Froelich, 472 F. Supp. at 760. Having determined that a transfer is proper under § 1406(a), the Court will use this power to transfer the action to the Southern District of Iowa.[3]

---

[2] The Court has considered Jefferson Line's objection to Plaintiff's late filing, but given the agreement of all parties to venue in Iowa and given a minimal showing of prejudice to Jefferson Lines the objection to late filing is overruled.

[3] The Court has considered Plaintiff's Opposition to Greyhound Lines, Inc.'s Joinder to Jefferson Lines' Motion to Dismiss, but the Court is declining to rule on the Opposition to Joinder because it in no way affects the merits of the Court's decision.

## III. ORDER

For the reasons set forth above, the case is ordered transferred to the Southern District of Iowa for all further proceedings.

IT IS SO ORDERED.

Dated:   February 9, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE